1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   KENDALL BURTON,                         No.  2:20-cv-0996 KJN P

12                  Plaintiff,

13        v.                                  ORDER

14   AFSHIN ARYA, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3  Screening Standards

4      The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2   true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

3   pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

4   (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

5   <u>The Civil Rights Act</u>

6          To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal

7   constitutional or statutory right; and (2) that the violation was committed by a person acting under

8   the color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Jones v. Williams</u>, 297 F.3d

9   930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

10  facts establish the defendant's personal involvement in the constitutional deprivation or a causal

11  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

12  <u>See</u> <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44

13  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

14  for the unconstitutional conduct of his or her subordinates.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679

15  (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights,

16  and set forth specific factual allegations as to how such person violated plaintiff's rights.

17  <u>Plaintiff's Complaint</u>

18         While housed at California State Prison, Sacramento ("CSP-SAC"), plaintiff alleges that

19  on October 8, 2019, he was interviewed by defendant Dr. Arya regarding plaintiff's excruciating

20  lower back and right foot pain.  Dr. Arya decided to not treat plaintiff with pain medication,

21  instead sending plaintiff for testing, despite plaintiff's excruciating pain.  Plaintiff immediately

22  filed a health care appeal ("602") requesting medication intervention.  On November 14, 2019,

23  plaintiff was interviewed regarding medication intervention by Dr. Arya, who refused to treat

24  plaintiff's painful conditions and stated "if plaintiff withdrew his health care 602 he will consider

25  medication."  (ECF No. 1 at 3.)  On November 14, 2019, plaintiff submitted another health care

26  602 for retaliation.  On December 17, 2019, plaintiff was interviewed by defendant Dr. P. Sahota,

27  Chief physician and surgeon, who failed to examine plaintiff or summon medical attention for

28  plaintiff's excruciating lower back and right foot pain.  Dr. Sahota "stated she cannot do anything

1    to help plaintiff's condition."  (ECF No. 1 at 5.)  Plaintiff alleges such failures to act demonstrate

2    deliberate indifference to plaintiff's serious medical needs in violation of the Eighth and

3    Fourteenth Amendments.  Plaintiff also raises a retaliation claim based on the above allegations.

4    (ECF No. 1 at 6.)  In his third and fourth claims, plaintiff appears to allege violations of state law,

5    including negligence, wrongful acts and omissions under California Government Code section

6    844.6[d], and interference by threat, intimidation or coercion in violation of California Civil Code

7    section 52.1[c].

8         Plaintiff seeks money damages.

9    Discussion

10        Defendant M. Bobbala is employed as Chef Medical Executive, and defendant B.

11   Brizendine employed as Chief Executive Officer, both at CSP-SAC.  Plaintiff included no

12   charging allegations as to defendants Bobbala and Brizendine.  Thus, such defendants must be

13   dismissed.

14        Eighth Amendment Claims

15        The Eighth Amendment protects prisoners from inhumane methods of punishment and

16   inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

17   2006).  Extreme deprivations are required to make out a conditions-of-confinement claim, and

18   "only those deprivations denying the minimal civilized measure of life's necessities are

19   sufficiently grave to form the basis of an Eighth Amendment violation."  Hudson v. McMillian,

20   503 U.S. 1, 9 (1992) (citation omitted).  "Prison officials have a duty to ensure that prisoners are

21   provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson

22   v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).  "The circumstances, nature, and

23   duration of a deprivation of these necessities must be considered in determining whether a

24   constitutional violation has occurred."  Id.  "The more basic the need, the shorter the time it can

25   be withheld."  Id. (citations omitted).

26        To prevail on an Eighth Amendment claim predicated on the denial of medical care, a

27   plaintiff must show that:  (1) he had a serious medical need; and (2) the defendant's response to

28   the need was deliberately indifferent.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see

4

1 | also Estelle v. Gamble, 429 U.S. 97, 106 (1976).

2 |        For a prison official's response to a serious medical need to be deliberately indifferent, the

3 | official must "'know[ ] of and disregard[ ] an excessive risk to inmate health.'"  Peralta v. Dillard,

4 | 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (quoting Farmer v. Brennan, 511 U.S. 825, 837

5 | (1994)).  "[T]he official must both be aware of facts from which the inference could be drawn

6 | that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511

7 | U.S. at 837.

8 |        It is well established that "a mere difference of medical opinion . . . [is] insufficient, as a

9 | matter of law, to establish deliberate indifference."  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th

10 | Cir. 2004) (alterations in original) (citation omitted).  This rule applies whether the difference is

11 | between the medical professional(s) and a prisoner or two or more medical professionals.  Hamby

12 | v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).

13 |        In appropriate cases, however, a prisoner may state a claim of deliberate indifference to

14 | medical needs based on a difference of medical opinion.  To do so, the prisoner must show that

15 | "the course of treatment the doctors chose was medically unacceptable under the circumstances,"

16 | and that they "chose this course in conscious disregard of an excessive risk to [the prisoner's]

17 | health." Jackson, 90 F.3d at 332 (citations omitted).

18 |        Here, plaintiff's claims are too vague to determine whether plaintiff can state a cognizable

19 | Eighth Amendment claim based on deliberate indifference to plaintiff's serious medical needs.

20 | Rather, it appears that plaintiff had a difference of opinion as to Dr. Arya's decision concerning

21 | treatment.  Although Dr. Arya did not prescribe plaintiff pain medication, the doctor ordered

22 | further unidentified testing.  Rather than await the results of such tests, plaintiff immediately filed

23 | an administrative appeal.  Indeed, it is unclear whether plaintiff even underwent such testing.

24 | In addition, plaintiff fails to identify the nature of his underlying medical conditions, if known, or

25 | the genesis of his pain, or how long he had suffered from such pain, or what type of testing Dr.

26 | Arya ordered, or whether plaintiff received treatment following such testing.  Absent such facts,

27 | the court cannot determine whether Dr. Arya or Dr. Sahota were deliberately indifferent.

28 | ////

Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff may be able to state a potentially cognizable retaliation claim against defendant Dr. Arya, but plaintiff did not address each element required under Rhodes.  While interviewing plaintiff in connection with his medication intervention appeal, Dr. Arya again refused to treat plaintiff's painful conditions but would consider medication if plaintiff withdrew the appeal. Liberally construed, plaintiff alleges that Dr. Arya refused to treat plaintiff's pain (adverse action) because of plaintiff's health care appeal (protected conduct).  But plaintiff did not address the fourth and fifth elements of Rhodes.  As to the fourth element, an objective standard governs the chilling inquiry.  Specifically, the Ninth Circuit has held that a plaintiff does not have to show that "his speech was actually inhibited or suppressed," but rather that the adverse action at issue "would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69.  Plaintiff is granted leave to file an amended complaint that alleges facts meeting all five elements of Rhodes.

On the other hand, plaintiff alleges no facts demonstrating that Dr. Sahota retaliated against plaintiff.

State Law Claims

Plaintiff's state law claims must be dismissed because plaintiff has not alleged compliance with the California Government Claims Act ("Act").  The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, within six months from the accrual of the claim.  Cal. Gov't Code §§ 905,

911.2, 911.4, 945, 950.2.  When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint.  Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007).

Moreover, plaintiff fails to state a plausible claim under California Civil Code § 52.1, also known as the Bane Act.  The Bane Act provides a cause of action for "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with," Cal. Civ. Code § 52.1(b), "by threat, intimidation, or coercion," Cal. Civ. Code § 52.1(a).  "[Section] 52.1 does not require proof of coercion beyond that inherent in the underlying violation." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 802 (9th Cir. 2018). Plaintiff's complaint is based on allegations that he did not receive adequate medical care for his pain.  There are no allegations suggesting that any defendant threatened, intimidated, or coerced plaintiff.  Plaintiff does allege that Dr. Arya offered to consider providing plaintiff pain medications if plaintiff withdrew his health care appeal, such statement, standing alone, fails to raise an inference of threats, intimidation or coercion.  Indeed, just as the statement can be viewed as potential retaliation, it can also be viewed as an effort to resolve plaintiff's health care appeal.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

7

1   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

2   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

3   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

4   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

5   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

6   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

7   268 (9th Cir. 1982).

8        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

9   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

10  complaint be complete in itself without reference to any prior pleading.  This requirement exists

11  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

12  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

13  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

14  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

15  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

16  and the involvement of each defendant must be sufficiently alleged.

17        In accordance with the above, IT IS HEREBY ORDERED that:

18        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22  Director of the California Department of Corrections and Rehabilitation filed concurrently

23  herewith.

24        3.  Plaintiff's complaint is dismissed.

25        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

26  Notice of Amendment and submit the following documents to the court:

27            a.  The completed Notice of Amendment; and

28            b.  An original and one copy of the Amended Complaint.

8

1   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

2   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

3   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

4          Failure to file an amended complaint in accordance with this order may result in the

5   dismissal of this action.

6   Dated:  July 23, 2020

7

8   /burt0996.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENDALL BURTON,                      No.  2:20-cv-0996 KJN P

12              Plaintiff,

13       v.                               NOTICE OF AMENDMENT

14   AFSHIN ARYA, et al.,

15              Defendants.

16

17       Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19                   _____        Amended Complaint
     DATED:
20

21                                        _____
                                          Plaintiff
22

23

24

25

26

27

28