1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENDALL BURTON,                           No.  2:20-cv-0996 KJN P

12                  Plaintiff,

13          v.                                 ORDER

14   AFSHIN ARYA, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, seeking relief under

18   42 U.S.C. § 1983.  By order filed July 24, 2020, plaintiff's complaint was dismissed, and he was

19   granted leave to file an amended complaint.  On August 19, 2020, plaintiff filed an amended

20   complaint.  As set forth in the court's prior order, this court is required to screen complaints

21   brought by prisoners seeking relief against a governmental entity or officer or employee of a

22   governmental entity.  28 U.S.C. § 1915A(a).

23          Plaintiff did not use the court's form complaint, opting to handwrite his pleading.  While

24   plaintiff included critical portions required, i.e., multiple allegations, and his prayer for relief,

25   plaintiff omitted an essential portion of the complaint:  section B which identifies the individuals

26   plaintiff intends to name as defendants in this action.  The caption of plaintiff's amended

27   complaint offers no assistance because he refers to "Afshin Arya, et al." as defendants.  Plaintiff

28

1   must include all named defendants in the caption of the complaint.  Fed. R. Civ. P. 10.  In

2   addition, plaintiff is required to identify the name, position and title, and location of each

3   individual named as a defendant.[1]  Defendants (and the court) must be able to discern who

4   plaintiff is suing and what cause of action is against which defendant.  Because plaintiff has not

5   properly identified the individuals he intends to sue, the court is unable to determine whether

6   plaintiff's allegations in claim one state an Eighth Amendment deliberate indifference claim.

7          As to plaintiff's second claim alleging retaliation, plaintiff identifies no individual as

8   retaliating against him, and simply refers the reader back to his supporting facts from claim one.

9   However, plaintiff's facts in claim one pertain to medical care (or lack thereof) concerning

10   alleged deliberate indifference to his serious medical needs.  As explained in the court's prior

11   order (ECF No. 5 at 6), a viable retaliation claim in the prison context has five elements:  "(1) An

12   assertion that a state actor took some adverse action against an inmate (2) because of (3) that

13   prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

14   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

15   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff must identify, with

16   particularity, which individual took what adverse action because of plaintiff's conduct protected

17   under the First Amendment, and that such conduct chilled plaintiff's exercise of such rights and

18   did not reasonably advance a legitimate correctional goal.  Plaintiff's allegations concerning

19   deliberate indifference to plaintiff's serious medical needs are insufficient to demonstrate a

20   retaliation claim against a particular defendant, and plaintiff must make clear which individual

21   plaintiff claims retaliated against him.

22          Therefore, plaintiff's amended complaint is dismissed, and plaintiff is granted leave to file

23   a second amended complaint that complies with the instant order and the July 24, 2020 order.

24          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

25   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

26   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

27

28   _____

[1]  Such information also assists the U.S. Marshal in accomplishing service of process.

1   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

2   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

3   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

4   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

5   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

6   268 (9th Cir. 1982).

7        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9   complaint be complete in itself without reference to any prior pleading.  This requirement exists

10  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

11  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

12  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

13  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

14  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

15  and the involvement of each defendant must be sufficiently alleged.

16       In accordance with the above, IT IS HEREBY ORDERED that:

17       1. Plaintiff's amended complaint (ECF No. 11) is dismissed.

18       2. Within thirty days from the date of this order, plaintiff shall file a second amended

19  complaint that complies with the instant order, the July 24, 2020 order, and the requirements of

20  the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The

21  second amended complaint must also bear the docket number assigned to this case and must be

22  labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance

23  with this order may result in the dismissal of this action.

24       3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

25  complaint by a prisoner.

26  Dated:  August 27, 2020

27

28  /burt0996.14n2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3